IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| *In re:* ) | | |
| ) | | |
| BOULDER ENTERPRISES, LLC, ) | CHAPTER 7 | |
| EIN: 30-0852410, ) | CASE NO. 18-13666-EEB | |
| ) | | |
| *Debtor.* ) | | |
| JOLI A. LOFSTEDT, Chapter 7 Trustee, ) | | |
| ) | | |
| *Plaintiff,* ) | | |
| vs. ) | Adversary Proc. No. 20-_____ EEB | |
| ) | | |
| HARVEST MEAT COMPANY, INC. ) | | |
| ) | | |
| *Defendant.* ) | | |

# COMPLAINT

Joli A. Lofstedt, as Chapter 7 trustee ("*Trustee*") of the bankruptcy estate of Boulder Enterprises, LLC, hereby files his complaint (the "*Complaint*") against Defendant Harvest Meat Company, Inc. ("*Harvest*"), stating the following:

## PARTIES AND JURISDICTION

1. On April 30, 2018 (the "*Petition Date*"), Boulder Enterprises, LLC ("*Debtor*") filed a voluntary petition for protection under Chapter 11 of Title 11 of the United States Code.

2. Debtor's case converted to a case under Chapter 7 of title 11 of the United States Code (the "*Bankruptcy Code*") on December 4, 2018 (the "*Conversion Date*"). Thereafter, Trustee was appointed Chapter 7 Trustee of Debtor's bankruptcy estate and continues to serve as such.

3. Upon information and belief, Harvest is a Delaware corporation with its principal offices located at 1022 Bay Marina Drive, #106, National City, California, 91950. The registered agent is CT Corporation System located at 7700 E Arapahoe Rd., Suite 220, Centennial, Colorado, 80112-1268.

4. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) (F) and (O).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6. Pursuant to Fed.R.Bankr.P. 7008, Trustee consents to entry of final orders or judgment by the Court.

## GENERAL ALLEGATIONS

7. Debtor owned and operated a meat processing company in Denver, Colorado and was engaged in the packaging and production of primarily poultry products. In operating its business, Trustee is informed and believes that Debtor purchased supplies and products from the Harvest branch in Aurora, Colorado.

8. Within 90 days prior to the Petition Date, Trustee is informed and believes that Debtor made payments totaling $171,063.74, as described in more detail on **Exhibit A** attached hereto, to Harvest (collectively, the "*Pre-Petition Payments*").

## FIRST CLAIM FOR RELIEF
### (Preferential Transfers pursuant to 11 U.S.C. § 547(b))

9. Trustee re-alleges paragraphs 1 through 8 of this Complaint and incorporates them as if fully set forth herein.

10. The Pre-Petition Payments were transfers of an interest of Debtor in property within the meaning of 11 U.S.C. §§ 101(54) and 547.

11. The Pre-Petition Payments were to or for the benefit of Harvest.

12. The Pre-Petition Payments were for or on account of antecedent debt owed by Debtor to Harvest before the Pre-Petition Payments were made.

13. The Pre-Petition Payments were made while Debtor was insolvent. Pursuant to 11 U.S.C. §547(f), Debtor is presumed insolvent during the 90 days immediately preceding the Petition Date.

14. The Pre-Petition Payments were made on or within the 90-day period immediately preceding the Petition Date (the "*Preference Period*").

15. The Pre-Petition Payments enabled Harvest to receive more than it would have received if the case were a case under Chapter 7 of this Title, the Pre-Petition Payments had not been made, and Harvest received payment of its debt to the extent provided by the provisions of Title 11.

16. Trustee is informed and believes that Harvest provided new value after some of the Pre-Petition Payments were made. Based on the information available, Trustee believes that a portion of the Pre-Petition Payments are avoidable as preferential transfers pursuant to Bankruptcy Code § 547(b).

17. Trustee asserts that through discovery, it may become known that additional payments were made by Debtor to Harvest during the Preference Period. Trustee asserts that all or a portion of such additional payments may be avoidable as preferential transfers under Bankruptcy Code § 547(b) and are included herein in the definition of "Pre-Petition Payments".

## SECOND CLAIM FOR RELIEF
### (Liability of Transferee pursuant to 11 U.S.C. § 550)

18. Trustee re-alleges paragraphs 1 through 17 of this Complaint and incorporates them as if fully set forth herein.

19. Upon information and belief, Harvest was the initial transferee of the Pre-Petition Payments.

20. Harvest was the entity for whose benefit the Pre-Petition Payments were made.

21. Pursuant to Bankruptcy Code §550(a)(1), Trustee may recover from Harvest for the benefit of the estate, the amount of the Pre-Petition Payments avoided under Bankruptcy Code §§ 547.

## THIRD CLAIM FOR RELIEF
### (Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))

22. Trustee re-alleges paragraphs 1 through 21 of this Complaint and incorporates them as if fully set forth herein.

23. Bankruptcy Code § 502(d) provides:

> the court shall disallow any claim of any entity from which property is recoverable under section . . . 550 . . . of this title or that is a transferee of a transfer avoidable under section . . . 547, 549 . . . of this title, unless such entity or transferee has paid the amount, or turned over such property.

24. In this proceeding, Trustee is requesting that the Court disallow all claims held by Harvest against the estate pursuant to Bankruptcy Code § 502(d) if Harvest is holding any Pre-Petition Payments avoidable and recoverable under Bankruptcy Code §§ 547 and 550. In this proceeding, Trustee is not objecting to the allowance of any claim held by Harvest on any other ground, and expressly reserves the right to object to Harvest's claims, if any, on any other ground by filing an objection in the main bankruptcy case.

## PRAYER FOR RELIEF

**WHEREFORE**, Trustee respectfully requests a judgment in his favor and against Harvest as follows:

a. Avoiding the Pre-Petition Payments pursuant to 11 U.S.C. § 547(b) and entering judgment in favor of Trustee and against Harvest in the amount of the Pre-Petition Payments avoided under 11 U.S.C. § 547(b);

b. Disallowing all claims held by Harvest against the bankruptcy estate pursuant to Bankruptcy Code § 502(d) if Harvest is holding any Pre-Petition Payments avoidable and recoverable under Bankruptcy Code §§ 547 and 550; and

      c.      Granting such other and further relief as the Court deems just and proper.

Dated:   April 28, 2020.                         Respectfully submitted,

                                                              Robinson, Waters and O'Dorisio, P.C.

                                                              */s/ Joel Laufer*
                                                              Joel Laufer, Reg. No. 7728
                                                             Attorneys for the Trustee
                                                            1099 18th Street, Suite 2600
                                                            Denver, Colorado  80202
                                                            Telephone:  (303) 824-3152
                                                            Facsimile:  (303) 297-2750
                                                            jlaufer@rwolaw.com

3:31 PM
04/07/20
Cash Basis

## Bolder Enterprises, LLC
## Transactions by Account
### As of April 30, 2018

| Type | Date | Num | Name | Original Amount | Date Cleared | Notes / Comments |
|---|---|---|---|---|---|---|
| Bill Pmt -Check | 02/09/2018 | 5544 | Harvest Meat Company, Inc. | 42,488.02 | 02/20/2018 | BILLS V52111 on 1/10/18 and V51222 on 1/10/18 |
| Bill Pmt -Check | 02/22/2018 | 5662 | Harvest Meat Company, Inc. | 19,753.28 | 02/26/2018 | BILL V58738 on 1/16/18 |
| Bill Pmt -Check | 03/01/2018 | 5663 | Harvest Meat Company, Inc. | 31,400.00 | 03/02/2018 | BILL V65156 on 1/19/18 |
| Bill Pmt -Check | 03/02/2018 | 5698 | Harvest Meat Company, Inc. | 25,482.44 | 03/06/2018 | BILLS V70436, V70620 and V70621 on 1/24/18 and V74399 on 1/26/18 |
| Bill Pmt -Check | 03/08/2018 | 5702 | Harvest Meat Company, Inc. | 51,940.00 | 03/19/2018 | BILL V76485 on 1/29/18 |
|  |  |  |  | 171,063.74 |  |  |

Exhibit A

Page 1 of 1